IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRANSOURCE PENNSYLVANIA, LLC, | : | Civil No. 1:21-CV-01101 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| STEVEN M. DEFRANK, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

# MEMORANDUM

Before the court is a motion filed by the Pennsylvania Public Utility Commission ("PUC") and its Commissioners (collectively, "Defendants") for judgment on the pleadings. (Doc. 173.) For the reasons that follow, the court will deny the motion as procedurally improper.

## PROCEDURAL BACKGROUND[1]

Plaintiff Transource Pennsylvania, LLC ("Transource") filed its complaint in this action on June 22, 2021 seeking declaratory and injunctive relief. (Doc. 1.) On July 2, 2021, Transource filed a motion for summary judgment and a motion to expedite summary judgment. (Docs. 20, 21.) The parties submitted briefs on the motions. (Docs. 23, 24, 61, 70, 74.) Subsequently, on July 23, 2021, Defendants filed a motion to dismiss the action for lack of jurisdiction and failure to state a

---

[1] This memorandum includes only the background relevant to the resolution of the motion for judgment on the pleadings. Any additional factual recitation that is necessary for the discussion of each specific issue is included in the Discussion section of this memorandum.

1

claim.  (Doc. 57.)  On August 17, 2021, the court held oral argument on the pending motions.  (Doc. 74.)

On August 26, 2021, following supplemental briefing, the court issued an opinion and order denying the motion to dismiss in part, deferring ruling on the remainder of the motion, and staying the case, on abstention grounds, pending the outcome of a parallel case pending before the Pennsylvania Commonwealth Court.[2]  (Docs. 82, 83.)

On May 17, 2022, Transource filed notice that the Commonwealth Court had issued a final rulings on the merits, and there was no longer a parallel proceeding.  (Doc. 90.)  On the same day, this court lifted the stay in this case.  (Doc. 91.)

On August 5, 2022, following supplemental briefing by the parties, the court denied Transource's motion to expedite.  (Doc. 116.)  On August 8, 2022, the court found the motion for summary judgment was prematurely filed and denied it without prejudice to refiling by the appropriate deadline set by the court.  (Doc. 119.)

On August 11, 2022, the court held an on-the-record conference call with counsel for all parties.  (Doc. 122.)  During that call, in response to a question by

---

[2]  *See* Pennsylvania Commonwealth Court Docket Number 689 CD 2021.

Plaintiff's counsel, the court stated the following: "In light of the rulings I've made over the past week, what I'm clearly trying to convey to you, and now I will say expressly, is that I would like all of the issues in this case addressed in the summary judgment motions." (Doc. 168-1, pp. 13–14.)[3]

On August 12, 2022, the court issued a case management order. (Doc. 123.) The final deadline that the order provided was for dispositive motions and supporting briefs to be submitted by February 15, 2023. (*Id.*)

On February 1, 2023, the court granted a jointly proposed order to modify the briefing schedule provided in its case management order and to allow the parties to exceed the standard word limits in their briefs. (Doc. 145.) The court-approved order provided in part that Defendants should file their motion for summary judgment on or before March 8, 2023, and Transource should file its motion for summary judgment on or before March 29, 2023. (*Id.*) The parties filed their motions and supporting briefs in accordance with the court's order. (Docs. 146–48, 156–59, 164–65, 168–69.)

On August 28, 2023, without moving to amend this court's established deadlines, Defendants filed a motion for judgment on the pleadings. (Doc. 173.) After the issue was briefed, Transource filed a motion, which the court granted, for

---

[3] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

leave to docket a sur reply, because Defendants' reply brief expounded on legal arguments which their initial brief merely mentioned. (Docs. 181, 183.)

## STANDARDS OF REVIEW

Federal Rule of Civil Procedure 16(b)(4) states that a case management schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The question of whether a moving party has satisfied Rule 16's good cause standard "depends in part on [the moving party's] diligence." *Premier Comp Solutions v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020) (citing *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84–85 (3d Cir. 2010)). Thus, a modification to the case management schedule is properly denied under Rule 16 when the moving party has failed to establish due diligence. *Price v. Trans Union LLC*, 737 F. Supp. 2d 276, 279 (E.D. Pa. 2010) (citing *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 701 (E.D. Pa. 2007)). The Advisory Committee Note for the 1983 Amendment to Rule 16 instructs that "the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."

## DISCUSSION

Defendants file the instant motion pursuant to Federal Rule of Civil Procedure 12(c) for judgment based on the contents of Transource's complaint and Defendants's answer and affirmative defenses. (Doc. 173, p. 1.)

Transource raises procedural and substantive arguments in opposition to Defendants' motion. (Doc. 176.) It notes that, pursuant to Federal Rule of Civil Procedure 16(b), the court was required to issue a scheduling order which must "limit the time . . . to file motions." Fed. R. Civ. P. 16(b)(3)(A). Such a motion "may be modified only for good cause and with the judge's consent." *Id.* at 16(b)(4).

Transource asserts that Defendants' motion for judgment on the pleadings is a dispositive motion. (Doc. 173, pp. 10–11 (citing *Dymnioski v. Crown Equip. Corp.*, No. 11-cv-3696, 2012 WL 3095333, at *2 (D.N.J. July 30, 2012). And Transource points to the court's instructions on the record that the parties' motions for summary judgment should address "all of the issues in this case." (*Id.* at 11.) Transource asserts that, had Defendants filed the instant motion at the same time as their summary judgment motion, the court would have regarded it "as an inappropriate attempt to circumvent the page and word limits that applied to the summary judgment briefing." (*Id.*) According to Transource, Defendants' waiting until months later to file the instant motion makes it even less appropriate. (*Id.*)

Transource asserts that the language of Rule 12(c), allowing a party to file a motion for judgment on the pleadings if doing so will not delay trial, is not the sole hurdle that Defendants must vault in raising the instant motion. (*Id.*) Instead, it argues that federal courts have widely recognized that, to file such a motion, a

party must not only show that it would not delay trial, but must also show good cause for not complying with a court's scheduling order. (*Id.* (citing cases).) Transource asserts that these dual requirements are especially applicable where a party provides "no reason why they could not have filed their motion for judgment on the pleadings" prior to a dispositive motion deadline. (*Id.* at 11–12 (citing cases).) Under Third Circuit precedent, such a motion should be denied as untimely, especially where a party offers "no explanation for the tardiness of [their] motion." (*Id.* at 12 (quoting *Taylor v. Shields*, 744 F. App'x 83, 87 (3d Cir. 2018)).)

In response, Defendants argue that this court's orders "did not set any deadline with respect to Rule 12(c) motions in this matter." (Doc. 180, p. 8.) Without citing any authority, Defendants assert that the instant motion "remains governed by Rule 12(c)." (*Id.*) Because the instant motion does not delay trial, they assert the motion is proper and timely under Rule 12(c). Of note, Defendants do not dispute that the instant motion is dispositive.

Transource's argument is supported by law, facts, and common sense. On the other hand, Defendants have provided no authority to support their assertion that the Rule 12(c) standard of not "delaying trial" overrides a scheduling order. They also provide no persuasive argument to suggest that this court's clear instruction, that "all issues in this case" should be addressed in the motions for

summary judgment, somehow held out an exception for a motion for judgment on the pleadings.

Defendants' motion is a dispositive motion.  And Defendants have provided no good cause for why the court should grant consent to modify its scheduling order and allow the instant motion to be filed several months after the court-impose deadline for dispositive motions.  Indeed, Defendants were long aware of the facts that purportedly support the instant motion.  This motion seeks judgment on pleadings, the most recent of which was Defendants' own answer, filed on August 22, 2022.  (Doc. 124.)  The earlier pleading, Transource's complaint, was filed on June 22, 2021.  (Doc. 1.)

Thus, Defendants were aware of the facts of these pleadings for over a year before they filed the instant motion.  There is no suggestion that Defendants could not meet the court's deadline for dispositive motions despite diligent efforts inasmuch as they filed a motion for summary judgment by the court-imposed deadline.  In sum, Defendants have failed to show good cause for the court to amend its schedule or entertain the instant untimely motion.

7

## CONCLUSION

For the reasons provided, the court will deny Defendants' motion as untimely without addressing the merits of the motion. And appropriate order will follow.

                                                                   s/Jennifer P. Wilson
                                                                   JENNIFER P. WILSON
                                                                   United States District Judge
                                                                   Middle District of Pennsylvania

Dated: December 6, 2023